UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL COUDERT, | : | |
| Plaintiff, | : | |
| VS. | : | DOCKET NO: 3:03CV0324(MRK) |
| JANNEY MONTGOMERY SCOTT, LLC, | : | |
| Defendant | : | AUGUST 31, 2004 |

**MOTION FOR MODIFICATION OF SCHEDULING**
**ORDER REGARDING DISCOVERY**

Plaintiff moves for an extension of time in which to complete discovery until October 10, 2004 for the limited purpose of moving to compel information relating to a sexual harassment claim against plaintiff's manager at the Darien, Connecticut office of defendant Janney Montgomery Scott which occurred during the period of plaintiff's employment with defendant. In support of this motion, plaintiff represents:

1. On March 12, 2004 plaintiff took the deposition of Jack Engelskirger, the manager of the Darien office during plaintiff's employment.

2. During the course of the deposition Mr. Engelskirger acknowledged that he was compelled to leave defendant JMS but was not advised of the nature of the claim made against him by a broker in the Darien office.

3. Mr. Engelskirger testified that the prime mover against him from management at JMS was Maryann Melchiorre, vice president and director of Human Resources at JMS. Engelskirger refused to give any details of the claim made against him by the employee and denied knowing the reason he was compelled to leave JMS.

4. On August 24, 2004 counsel deposed Maryann Melchiorre at the Philadelphia offices of defendant JMS. Ms. Melchiorre repeatedly refused to answer questions directed at the nature of the sexual harassment claim made by the employee against Engelskirger and the content of the agreement between the employee and JMS except to repeatedly state that the agreement and the entire subject matter was subject to legal and "moral" confidentiality.

5. The transcript of Ms. Melchiorre's deposition will not be available for at least two weeks, and therefore plaintiff is not able to present the Motion to Compel Melchiorre's testimony so that the Court can make an informed judgment on whether to grant the Motion to Compel.

6. Engelskirger was plaintiff's manager at the Darien office until the beginning of 1997, and the alleged instigator of discriminatory conduct against plaintiff which followed her to the Fairfield office of JMS.  It is alleged that Engelskirger's conduct violated plaintiff's rights under Title VII and the ADEA and that JMS continued that unlawful conduct in retaliation for her complaints.

7.  The information sought to be compelled is relevant under Rule 404(b) of the Federal Rules of Evidence relating to similar acts, state of mind, course of conduct, common plan and scheme and intent.

8.  The broker who made the complaint against Engelskirger has advised that she cannot communicate the substance of her claim against Engelskirger because of the presence of a confidentiality agreement between her and JMS.

9.  The defendant is opposed to the granting of this extension of time.

For these reasons plaintiff moves for an extension of time until October 10, 2004 so that she may file a motion to compel the testimony of Maryann Melchiorre and the broker who made the sexual harassment claim against Engelskirger.

THE PLAINTIFF,<br>
CHERYL COUDERT<br><br>

BY_____<br>
  ANDREW B. BOWMAN, ct00122<br>
  1804 Post Road East<br>
  Westport, CT 06880<br>
  (203) 259-0599<br>
  (203) 255-2570 (Fax)<br>
  e-mail: andrew.bowman@snet.net

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed, postage prepaid on this 31st day of August, 2004 to:

John G. Stretton, Esq.
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Blvd.
Stamford, CT 06901

_____
ANDREW B. BOWMAN