UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHERYL COUDERT,                                  :
                                                 :
                    Plaintiff,                   :
                                                 :
        v.                                       :        Docket No. 303 CV 0324 (MRK)
                                                 :
JANNEY MONTGOMERY SCOTT, LLC,                    :
                                                 :
                    Defendant.                   :        SEPTEMBER 10, 2004

## OBJECTION TO PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER REGARDING DISCOVERY

Defendant Janney Montgomery Scott, LLC hereby objects to Plaintiff's Motion for Modification of Scheduling Order Regarding Discovery dated August 31, 2004 ("Motion for Modification"). In her Motion, Plaintiff seeks an extension of the discovery period, which expired on August 31, 2004, for the purpose of filing a motion to compel "information relating to a sexual harassment claim against plaintiff's manager at the Darien, Connecticut office of defendant Janney Montgomery Scott . . . ." Plaintiff's manager at the Darien, Connecticut office was Jack Engelskirger. Plaintiff's Motion should be denied as it is untimely and not likely to lead to the discovery of admissible evidence at trial.

First, Plaintiff took the deposition of Jack Engelskirger on March 12, 2004, approximately five and one half months prior to the close of discovery. During this deposition, Plaintiff alleges that "Engelskirger refused to give any details of the claim made against him . . ." based on a confidentiality agreement to which he was bound. Plaintiff offers no explanation as to why she did not immediately move to compel disclosure of this information. Given the abundance of time that was available to

Plaintiff to raise this issue, Plaintiff instant request[1], which comes on the final day of the discovery period, should be denied as untimely.

Second, the purpose behind the requested extension, to allow Plaintiff time to file a motion to compel "information relating to a sexual harassment claim against plaintiff's manager at the Darien, Connecticut office," is futile and not likely to lead to the discovery of admissible evidence at trial. Plaintiff ceased working in Darien office under the supervision of Mr. Engelskirger at the end of December 1996. For the next five years, until she was terminated on January 11, 2002, Plaintiff worked out of the Fairfield office. Once Plaintiff began working out of the Fairfield office, Mr. Engelskirger no longer had any supervisory authority over Plaintiff. Thus, evidence concerning Mr. Engelskirger, his alleged treatment of Plaintiff or other similar acts, is too remote to be of any value to the trier of fact.

Moreover, the evidence Plaintiff seeks to obtain, evidence regarding "a sexual harassment claim" lodged against Mr. Engelskirger by some other employee, is entirely irrelevant to this case. This case is not a sexual harassment case. There are no allegations in the Complaint, nor have any allegations arisen during discovery, that Mr. Engelskirger sexually harassed Plaintiff. This is a straightforward Title VII age and gender discrimination case. This is precisely the type of evidence that Federal Rule of Evidence 404(b) seeks to exclude.

---

[1] This is Plaintiff's 4th request to extend the discovery period.

NYC_181502_1.DOC/JSTRETTON

WHEREFORE, Defendant Janney Montgomery Scott, LLC respectfully requests that the Court sustain its objection to Plaintiff's Motion for Modification of Scheduling Order Regarding Discovery dated August 31, 2004.

THE DEFENDANT
JANNEY MONTGOMERY SCOTT, LLC
BY ITS ATTORNEYS,

Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
John G. Stretton (CT 19902)
jstretton@edwardsangell.com
EDWARDS & ANGELL, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

NYC_181502_1.DOC/JSTRETTON

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing UNOPPOSED MOTION FOR

MODIFICATION OF SCHEDULING ORDER was mailed via first class mail, postage

prepaid to counsel for the Plaintiff, addressed as follows:

      Andrew B. Bowman, Esquire
      1804 Post Road East
      Westport, CT 06880

This 10th day of September, 2004.

John G. Stretton
Marc L. Zaken

- 4 -