UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHERYL COUDERT,                    :

        Plaintiff,                  :

VS.                                 :        DOCKET NO: 3:03CV0324(MRK)

JANNEY MONTGOMERY SCOTT,            :

        Defendant.                  :        SEPTEMBER 30, 2004


**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
<u>HER MOTION TO COMPEL</u>**

The plaintiff, Cheryl Coudert, has moved the Court for an order compelling

defendant Janney Montgomery Scott, (JMS), Mary Ann Melchiorre, formerly vice

president and Director of Human Resources at JMS, and Brenn Brennan to disclose

and to permit disclosure by Bren Brennan, of the facts and circumstances

surrounding and underlying Ms. Brennan's claim of sex discrimination and

harassment against Jack Engelskirger, then manager of JMS's Darien office, and

JMS. Relevant excerpts from Engelskirger's deposition testimony are attached as <u>ex.</u>

<u>A</u>, and excerpts from Melchiorre's deposition refusing to answer material and relevant

questions are attached as <u>ex. B</u>. The Declaration of Counsel is attached as<u> ex. C</u>

relating to conversations with Ms. Brennan and her counsel Deborah Lindstrom

concerning the existence of a confidentiality agreement between Brennan and JMS preventing her from giving deposition testimony or submitting to an interview. Relevant letters of complaint regarding Engelskirger's unlawful treatment of plaintiff commencing in 1995 and of JMS's deliberate disregard of plaintiff's complaints about her treatment through 1997 are attached as ex. D.

During Cheryl Coudert's employment at the Darien office of JMS, she was the only female registered broker.  She was transferred to the Fairfield office in March 1997 against her will, ex. D ltr from attorney Neigher dated March 6, 1997.  Jack Engelskirger, the manager in Darien, unlawfully harassed plaintiff "by imposing unreasonable employment conditions, creating a threatening and stressful work environment; and by making defamatory statements about me to co-workers, some of which were overheard by clients and friends." ex. D ltr 7/25/96 to James Wolitarsky, then Sr. Vice President and CFO now President of JMS.

In 1999 Brenn Brennan, a broker hired in Darien after Cheryl Coudert's unwanted transfer to Fairfield, made a claim that Jack Engelskirger had committed one or more acts of sex discrimination and harassment against her, the details of which Engelskirger did not fully disclose and Melchiorre and Brennan have refused to disclose on the basis of a confidentiality agreement.  As a result of Ms. Brennan's claim, Engelskirger was forced to leave JMS ex. A, p. 23-30.

Richard Avalon, the manager of Fairfield who signed the termination letter dated January 11, 2002, knew Engelskirger since 1986; ex. A, p. 67.  When Engelskirger was asked whether he spoke to Avallon or John Fortuna, the assistant manager in Fairfield, to get their views on Ms. Coudert, Engelskirger attempted to dodge but did testify that Dick [Avallon] might have called about Coudert.

> Q. How about Fortuna did he call you to get your views
>    on Cheryl Coudert when she came there?
>
> A.  No I don't think so. John [Fortuna] wouldn't.
>     Dick [Avallon] might have, but I don't remember.

Ex. A, p. 72.  Plaintiff was consistent in her claims of discriminatory treatment and retaliation by managers at JMS commencing in July 1996 and culminating in her termination in January 2002.

Rule 404(b) of the Federal Rules of Evidence, is an inclusive rule which permits the admissibility of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or accident in the civil context**. Id.** In the context of a sex and age discrimination case Engelskirger's alleged sexually discriminatory conduct toward another female broker in the Darien office is admissible on issues of intent, opportunity, motive knowledge and absence of mistake toward Coudert, the only female broker at Darien during 1995 and 1996.  Engelskirger was accused by Coudert on July 25,1996 of discriminatory and oppressive conduct in her

3

letter to Wolitarsky. ex. D.  Attorney Neigher's March 6, 1997 letter to JMS's attorney

Howard Scherer, ex. D, states that JMS has ignored Coudert's complaints about

Engelskirger's discriminatory conduct toward Coudert.    When management is

indifferent toward complaints by women, and two women are subject to discriminatory

treatment by the same manager, plaintiff should be permitted the opportunity to

present that evidence at trial.

Engelskirger won't give full details and has his own self serving spin on the

Brennan claim. JMS and Melchiore refuse to answer questions directed at the

Brennan complaint in the absence of a protective order.  Ms. Brennan declines to be

interviewed or deposed on the basis of a confidentiality agreement, and plaintiff's only

recourse is this Motion to Compel.

In Malarkey v. Texaco, 983 F2d. 1204 (2nd Cir 1993), the Court of Appeals upheld

the district court's trial decision to admit evidence that occurred 16 years prior to the

allegations in the Complaint.  Specifically the Second Circuit approved the trial judge's

ruling admitting evidence contained in an employment office memorandum 4 years

prior to the allegations in the Complaint, because it was relevant to the issue of the

employer's motivation to retaliate against plaintiff; Id. 983 F2d. at 1210.

The legal standard for discovery is whether the discovery sought "is reasonably

calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. Rule

26(b)(1).   This is a far more lenient standard than the relevance standard at trial governed by Rule 401 of the Rules of Evidence.   The discovery rule set forth in 26(b)(1) states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

There is substantial evidence that JMS not only refused to take corrective action toward Engelskirger in light of Coudert's complaint against him in her July 25, 1996 letter to Wolitarsky but rather took adverse retaliatory employment action against Coudert by transferring her, the only female broker in the Darien office, to Fairfield. JMS was reckless and callous in its disregard of Coudert's complaints and only took corrective action against Engelskirger when confronted with yet another complaint of sex discrimination by another female in 1999.

Engelskirger's actions against Brennan show a pattern of discriminatory conduct against women at JMS.  Avallon and Engelskirger were managers at JMS who not only knew each other since 1986 but were located in offices not more than 15 miles apart.  When Coudert came to Fairfield she was treated like a pariah, denied the resources to do her job, and humiliated.  In light of the Second Circuit's decision in Malarkey vs. Texaco, plaintiff is entitled to show the basis and motive for JMS's retaliatory actions against her for her complaints to upper management, the callous

disregard JMS had for her legitimate complaints of discrimination and to corroborate her claim that Engelskirger committed sex discrimination.  Brenn Brennan's deposition and Mary Ann Melchiorre's testimony are certainly and reasonably calculated to lead to the discovery of admissible evidence on the issues of motive, opportunity, intent, knowledge and absence of mistake. The ultimate balancing test under Rule 403 does not come into play at the discovery stage, since we are not at  trial.  This is not calculated to embarrass or humiliate but rather to discover relevant evidence through a process reasonable calculated to do so.

For these reasons, plaintiff's motion to compel discovery in the form of a deposition of Brenn Brennan, the continued deposition of Mary Ann Melchiorre and disclosure by JMS of the facts surrounding and underlying the Brennan claim and its response to that claim should be ordered.

THE PLAINTIFF, CHERYL COUDERT

_____
By: ANDREW B. BOWMAN ct 00122
    1804 Post Road East
    Westport, CT 06880
    (203)259-0599
    (203)255-2570 (fax)
    Andrew.bowman@snet.net

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was mailed, postage prepaid and sent by facsimile transmission on this 1st day of October 2004 to:

John G. Stretton, Esq.
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Blvd.
Stamford, CT 06901

_____
ANDREW B. BOWMAN