UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHERYL COUDERT, | : |
| Plaintiff, | : NO.   3:03cv324 (MRK) |
| v. | : |
| JANNEY MONTGOMERY SCOTT, LLC, | : |
| Defendant. | : |

**RULING AND ORDER**

    This is an employment discrimination lawsuit.  On the very last day of the discovery period set forth in the Court's July 6, 2004 Scheduling Order [doc. # 28], the Plaintiff moved to extend the discovery period to permit her to move to compel Defendant to produce information regarding a sexual harassment claim that had been made against the manager of Defendant's Darien office, Jack Engelskirger.  Defendant opposed extending the discovery period [doc. # 32] and on September 21, 2004, the Court authorized Plaintiff to file a motion to compel and reserved decision on the request to extend the discovery deadline.  Presently before the Court are the following motions: Plaintiff's Motion for Modification of Scheduling Order Regarding Discovery [#29] and Plaintiff's Motion to Compel [doc. #35].

    In sum, the discovery dispute is as follows.  During a deposition of Mr. Engelskirger on March 12, 2004, Plaintiff learned that Brenn Brennan had made claim of sexual harassment against Mr. Engelskirger in or about 1999.  Mr. Engelskirger testified briefly in his deposition

1

regarding the nature of the claim as he understood it and denied that he had engaged in sexual harassment. He also testified that in his view he had been forced to resign from Defendant because of the claim. However, Mr. Engelskirger was unable to recall many details regarding Ms. Brennan's claim or regarding conversations he had with Mary Ann Melchiorre, Defendant's former Director of Human Relations, about Ms. Brennan's claim. At that time, the then-existing scheduling order required all discovery to be completed by May 14, 2004 [doc. # 23].[1]

On May 10, 2004, the parties jointly moved to extend the discovery deadline to June 30, 2004 [doc. # 24] because of the need to arrange out-of-state depositions. There was no mention of any issue regarding further discovery from Mr. Engelskirger or regarding the matter involving Ms. Brennan. During the summer, counsel for Plaintiff sought to speak with Ms. Brennan and her counsel regarding her claim against Mr. Engelskirger, but he was informed that there was a confidentiality agreement that prevented her from discussing the matter with Plaintiff's counsel. On June 28, 2004, Plaintiff moved yet again to extend the discovery cut-off date, this time to August 31, 2004 [doc. # 27]. Once again, there was no mention in the motion of any dispute regarding the Brennan matter or the confidentiality agreement. By Order dated July 6, 2004, the Court granted the motion and extended the discovery cut-off until August 31, 2004 [doc. # 28].

Plaintiff took the deposition of Ms. Melchiorre on August 24, 2004, and Ms. Melchiorre declined to provide any details regarding Ms. Brennan's claims against Mr. Engelskirger because the matter was covered by a confidentiality agreement. On August 31, Plaintiff moved to extend

---

[1] In their Rule 26(f) Report of the Parties Planning Meeting [doc. #8], the parties had originally set a discovery cut-off date of March 1, 2004. By Order dated November 20, 2003 [doc. #14], the discovery cut-off date was moved to March 15, 2004. In early March, the parties moved again to delay the discovery cut-off date by 60 days [doc. # 21], and the Court granted that motion [doc. # 23].

the discovery deadline once again [doc. #29], and now seeks an order compelling Defendant to disclose (and permit Ms. Brennan to disclose) the "facts and circumstances surrounding and underlying Ms. Brennan's" claim against Mr. Engelskirger and Defendant.[2]  *See* Plaintiff's Motion to Compel [doc. #35].  Defendant opposes the discovery because it is both untimely and not likely to lead to the discovery of admissible evidence.  The Court agrees with Defendant.

Plaintiff's request for this discovery comes terribly late in the game.  Plaintiff has known since the outset of the case in February 2003 that Mr. Engelskirger might be an important witness but Plaintiff delayed deposing him until March 12, 2004, after the discovery period had already been extended once.  Assuming the issue of Ms. Brennan's claim against Mr. Engelskirger was truly important to Plaintiff's case, Plaintiff was aware as early as March 2004 that she required more information regarding that claim than she had been able to obtain during Mr. Engelskirger's deposition.  Yet, so far as the Court is aware, Plaintiff did not serve any document requests or interrogatories on Defendant and twice moved to extend the discovery deadline without any mention of this issue to the Court, even after Plaintiff's counsel had been informed of the existence of the confidentiality agreement.  Plaintiff then took Ms. Melchiorre's deposition about one week before the oft-extended discovery cut-off date.  Not surprisingly, she declined to testify about Ms. Brennan's claim because of the existence of the confidentiality agreement.   Once again, Plaintiff was aware since the outset of this case that she needed to take Ms. Melchiorre's deposition but delayed taking it until about a week before the end of discovery.  Then, on the very last date for completion (not commencement) of discovery, Plaintiff moved to extend the

---

[2] During a telephonic conference with the parties on September 21, 2004, the Court authorized the filing of the motion to compel.  *See* doc. # 33.

discovery cut-off yet a fourth time to deal with a matter that Plaintiff was aware of at least as early as March 2004 and should have been aware of long before that time had Plaintiff taken Mr. Engelskirger's deposition before March 2004 or made inquiry via interrogatories of Defendant before that date.

The Court believes that Plaintiff was dilatory in pursuing discovery regarding the Brennan claim and this weighs heavily against extending the discovery deadline once more and granting Plaintiff's motion to compel. *See, e.g.*, *Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 516 (D. Conn. 2002) (denying a motion to compel additional discovery filed one day before the completion of all discovery, after seven months of discovery and three extensions of the deadline). Of course, if there was only delay and nothing more, that might not be sufficient to cause this Court to deny the requested discovery. However, the Court is also convinced that the information sought is of marginal (if any) relevance.

The Court is well aware that the standard for discovery is much lower than that for admission of evidence at trial. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (stating that relevancy under Fed. R. Civ. Proc. 26(b)(1) should be construed broadly). Yet "parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *In re Surety Association of America*, 388 F.2d 412 (2d Cir. 1967) (quoting *Broadway & Ninety Sixth St. Realty Co. v. Loew's Inc.*, 21 F.R.D. 347, 352 (S.D.N.Y. 1958)). *See also* 8 Charles Allen Wright, et al., *Federal Practice & Procedure: Civil 2d* § 2008, at 107-08 (2d ed. 1994) ("No one would suggest that discovery should be allowed of information that has no conceivable bearing on the case.").

Here, the evidence sought does not appear to meet even the low relevancy threshold for discovery. It is undisputed that Plaintiff ceased working at the Darien office, where Mr. Engelskirger worked, in December 1996, and she began to work in Defendant's Fairfield office in early 1997. She worked in the Fairfield office until she was terminated in January 2002, two years after Mr. Engelskirger had left Defendant's employ. Plaintiff has not proffered any evidence that Mr. Engelskirger had anything to do with Defendant's decision to fire Plaintiff or with her working conditions in the five years that she worked in the Fairfield office (between early 1997 and 2002). It is also undisputed that Ms. Brennan was not hired by Defendant for the Darien office until after Plaintiff had left that office. Further, Ms. Brennan, who worked only in the Darien office, left Defendant's employ in September 1999, over two years before Plaintiff was fired.

From the foregoing recitation, it should be readily apparent that there is no connection between Ms. Brennan's sexual harassment claim against Mr. Engelskirger and Plaintiff's sex discrimination claim against Defendant. *See, e.g.*, *McLee v. Chrysler Corp.*, 109 F.3d 130, 137 (2d Cir. 1997) (refusing to impute alleged bias of a supervisor to third party, when supervisor was not consulted by the third party about the decision to discharge plaintiff); *Olle v. Columbia University,* No. 02-8552(RWS), 2004 WL 1878794*,* at *12 (S.D.N.Y., Aug. 15, 2004) (concluding that former employees' responses to a survey alleging race and sexual orientation discrimination were not relevant to plaintiff's claims of sex and age discrimination); *Murphy v. Bd. of Educ. of Rochester*, 273 F. Supp. 2d 292, 302 (W.D.N.Y. 2003) (concluding that general allegations of discrimination that did not involve the plaintiff directly were irrelevant); *Seils v. Rochester City School Dist.*, 192 F. Supp. 2d 100, 115-116 (W.D.N.Y. 2002) (concluding that the

proof relied on by plaintiffs to demonstrate discriminatory motivation was "so weak as to be virtually nonexistent" because it did not "relate directly to incidents surrounding [the plaintiffs], but relate[d] to matters occurring in other places, at other times, sometimes years previously and involving matters wholly unrelated to the claims at issue.").

In an attempt to manufacture a connection, Plaintiff now asserts (1) that she was subjected to discriminatory working conditions throughout her tenure at Defendant, including her time in the Darien office where she worked under Mr. Engelskirger, and (2) that Ms. Brennan's harassment claim against Mr. Engelskirger would lend support to Plaintiff's claim that Mr. Engelskirger discriminated against her. In the Court's view, any such evidence would likely be beyond the relevant statute of limitations, would be of marginal (if any) relevance, would likely confuse a jury, and would risk turning the trial of this case into mini-trials about alleged discrimination against others. *See Manning v. New York University*, No. 98-3300(NRB), 2001 WL 62872, at *4 (S.D.N.Y., Jan. 24, 2001) (granting defendant's motion in limine to exclude marginally probative evidence of a different type of discrimination, by a different actor who played no role in plaintiff's dismissal, because of potential prejudice and risk of mini-trials on tangential issues). The Court is unwilling to extend the discovery deadline yet again for the purpose of conducting discovery on a matter that is unlikely to lead to the discovery of admissible evidence.

Accordingly, the Court DENIES Plaintiff's Motion to Compel [doc. # 35] and Motion for Modification of Scheduling Order [doc. # 29]. Having previously extended the date for filing dispositive motions until November 15, 2004 [doc. # 33], the Court also DENIES Defendant's Unopposed Motion for Modification of Scheduling Order [doc. # 30].

IT IS SO ORDERED.

/s/      Mark R. Kravitz
     United States District Judge

Dated in New Haven, Connecticut: October 7, 2004.