than a claim based on pure speculation and conjecture. *Grillo v. New York City Transit, 291 F.3d 231, 235 (2d. Cir. 2002) (it is insufficient to merely cite to "alleged mistreatment and ask the court to conclude that it must have been related to [age or sex]")*. A claim based on speculation and conjecture is incapable of surviving summary judgment. *Weinstock v. Columbia University, 224 F.3d at 41; Grady v. Affiliated Central, Inc., 130 F.3d at 561; Soderberg v. Gunther Int'l, Ltd., 2004 U.S. Dist. LEXIS 57380 at \*5; Baldassario v. Security Services of Connecticut, Inc., 2004 U.S. Dist. LEXIS 11395 at \*8-9 (to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor and may not rely on conclusory allegations and unsubstantiated speculation)*. Summary judgment should enter in favor of JMS.

### 3)   Plaintiff's Medical Insurance

When Plaintiff was initially hired by JMS, she enrolled in JMS's "Prucare Plus" medical insurance plan. *Employee Benefit Program Enrollment Form (Exhibit X); see also Benefit Acknowledgement (Exhibit Y) (acknowledgement by Plaintiff that she received information regarding JMS's employee benefits); Deposition of Plaintiff at 18*. The coverage selected by Plaintiff was a point of service plan with an "in-network" and "out of network" design offered by Prudential Insurance. *Deposition of M. Melchiorre at 78 (Exhibit Z)*. Enrollees in this plan were entitled to coverage of 100% of the usual customary rates, less a small co-payment, for the services of medical personnel within the Prudential Network. In the event that an enrollee in the plan decided to seek out-of-network services, any expenses incurred were subject to deductibles and co-payments. Regardless of the option chosen by an enrollee, all decisions regarding what services were or were not covered, the level of coverage, and the timing and amounts of reimbursements, if any, were made by Prudential and not by JMS. *Deposition of M. Melchiorre at*

- 20 -

79-80 (testifying that payment issues involve Prudential, the doctor and the employee, not JMS); *see also February 12, 1997 Correspondence (Exhibit AA) (insurance correspondence describing covered procedures).*

- In early 1997, Plaintiff checked into Silver Hill Hospital in connection with her alcohol detoxification treatment. Silver Hill Hospital was an "out of network" establishment. To the extent possible, JMS assisted Plaintiff, such as making sure that all the appropriate paperwork had been submitted, as she tried to convince Prudential to cover the costs associated with her admission to Silver Hill Hospital. *Deposition of M. Melchiorre at 78-80.* The decision as to whether or not the treatment at Silver Hill would be covered and the level of coverage that would be provided remained, at all times, a matter under Prudential's control. *February 12, 1997 Correspondence (Exhibit AA).* In the absence of any evidence that JMS, with the intention of discriminating against Plaintiff on account of her age or sex, conspired with Prudential to delay payment of this medical expense, summary judgment should enter in favor of JMS. *Weinstock v. Columbia University, 224 F.3d at 41 (the nonmoving party cannot survive summary judgment on speculation and conjecture); see also Grillo v. New York City Transit, 291 F.3d at 235 (it is insufficient to merely cite to "alleged mistreatment and ask the court to conclude that it must have been related to [age or sex]").*

This claim is also time barred. Plaintiff checked into and was released from Silver Hill Hospital in early 1997. *Deposition of Plaintiff at 124-133 (Exhibit B).* Plaintiff filed her charge of discrimination with the CHRO on July 3, 2002. *Affidavit of Illegal Discriminatory Practice (Exhibit A).* Claims, such as this one, addressing conduct occurring prior to September 7, 2001, which is 300th day preceding July 3, 2002, are time barred. *29 U.S.C. 626(d); 42 U.S.C. 2000e-5(e); see also Miner v. Town of Cheshire, 126 F. Supp. 2d 184 (D.Conn. 2000).* Summary judgment should enter in favor of JMS on this ground as well.

- 21 -

## **CONCLUSION**

Plaintiff's termination was based solely on her substandard sales production numbers. Plaintiff ranked last among the full time brokers in the Fairfield office each and every year she worked in the Fairfield office. In 2001, her production numbers were so low that her commission payments no longer covered her medical insurance premiums. The decision to terminate Plaintiff was not motivated either by her age or her gender, but was based strictly on her failure to perform.

Therefore, based on the foregoing, Defendant Janney Montgomery Scott LLC respectfully requests that summary judgment enter in its favor on all counts of Plaintiff's Complaint.

RESPECTFULLY SUBMITTED

THE DEFENDANT
JANNEY MONTGOMERY SCOTT LLC
BY ITS ATTORNEYS,

Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
John G. Stretton (CT 19902)
jstretton@edwardsangell.com
EDWARDS & ANGELL, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

NYC_182452_I.DOC/JSTRETTON

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum of Law in Support of Motion

for Summary Judgment was mailed via first class mail, postage prepaid to counsel for the

-Plaintiff, addressed as follows:


      Andrew B. Bowman, Esquire
      1804 Post Road East
      Westport, CT 06880

this 12th day of November, 2004.


                                      _____
                                    John G. Stretton