UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL COUDERT, | : | |
|    Plaintiff, | : | |
| VS. | : | DOCKET NO: 3:03CV0324(MRK) |
| JANNEY MONTGOMERY SCOTT, LLC, | : | |
|    Defendant | : | DECEMBER 20, 2004 |

**PLAINTIFF CHERYL COUDERT'S LOCAL RULE
56(a)(2) STATEMENT**

1. Admitted.

2. Admitted and plaintiff further states that she was involuntarily transferred to the Fairfield Office of JMS in March 1997 over her objection in furtherance of JMS's discriminatory and retaliatory conduct toward her on account of her age and gender. (Pltf's Aff. par. 11-14; Ex. 5,6,7)

3. Admitted.

4. Admitted.

5.  Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-37; Ex. 1-9).

6. Admit that under defendant's calculation plaintiff's production for 1997 was $129,227.40 and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

7. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

8. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

9. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

10. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

11. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

12. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

13. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

14. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

15. Admitted

16. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

17. Admitted and plaintiff further states that this was a direct result of the denial of resources to plaintiff by JMS and its discriminatory conduct toward plaintiff. (Pltf's Aff. par. 14-35; Ex. 1-9).

18. Admitted and plaintiff further states that Mr. Avallon and Mr. Fortuna first demanded her resignation in a discriminatory attempt to deny her the ability to vindicate her rights under the ADEA and Title VII; when plaintiff refused, they terminated her. (Pltf's Aff. par. 33).

19. Denied. (Pltf's Aff. passim).

20. Admitted.

21. Admit that John Fortuna a former branch manager and then part of management with the title branch manager "emeritus" and Charles Cook a Vice Chairman of the Board of JMS were older than plaintiff. Al Barren is older by a matter of months, and everyone else at JMS in Fairfield was younger. Fortuna had a private office because he was branch manager "emeritus" and part of management,

and Charles Cook had a private office because he was Vice Chairman of the Board. (Ex. 1, pg. 61).

22.   Denied. Office and sales aides were denied to plaintiff as a broker in the Fairfield office from the beginning of her involuntary assignment to Fairfield as an act of discrimination and retaliation on account of her age and gender. (Pltf's aff. par. 14-35, Ex. 1-9).

23.   Denied.  Jack Engelskirger represented to plaintiff that all expenses incurred at Silver Hill Hospital would be covered.  (Pltf's Aff. par 13; Ex. 5, 6, 7). Further, plaintiff's husband's medical bills were delayed in Philadelphia by JMS before being processed and paid to plaintiff's great distress. (Pltf's Aff. par 27).

24.   Admitted.

25.   Admitted.

## **Disputed Issues of Material Fact**

1. Whether plaintiff was terminated by defendant JMS on account of her age or gender.

2.   Whether JMS recklessly, willfully and knowingly violated plaintiff's rights under the ADEA and Title VII.

3. Whether JMS engaged in a course of conduct which included acts of discrimination and retaliation against plaintiff based upon her age and gender which ultimately culminated in her termination on January 11, 2002 and the filing of the U-5 on January 24, 2002.

4. Whether the reason stated in the January 11, 2002 letter of termination was a pretext and was an act of discrimination and retaliation on the basis of age and gender by defendant JMS.

5. Whether JMS engaged in a continuing and systematic course of discriminatory conduct from 1995 through January 2002 which was substantially motivated by plaintiff's age and gender in which JMS managers humiliated and embarrassed plaintiff, denied her the resources to do her job including an adequate office and sales assistance, computer hardware necessary to the performance of her job; isolated her, inflicted extreme emotional distress and trauma upon her, impaired her ability to perform her job and impaired her prospects to secure alternative future employment in the securities industry.

6. Whether plaintiff's involuntary transfer from Darien to Fairfield was an act of age and gender discrimination and retaliation for her complaints against management and in particular Engelskirger.

7.  Whether JMS's refusal to pay all costs of plaintiff's hospitalization at Silver Hills, as promised, was an act of age and gender discrimination.

8.  Whether plaintiff's commission structure was diminished by defendant JMS and whether that action by JMS was motivated by a discriminatory and retaliatory intent for her complaints to upper management and whether the resulting decrease in her pay out was a consequence of sex and age discrimination by defendant JMS.

9. Whether there was unjustifable questioning of plaintiff about medical expenses for her husband and whether the delays in payment of medical expenses through her medical plan at JMS both for herself and for her dependent spouse was motivated by a discriminatory intent on the basis of age and sex by defendant JMS.

10.  Whether requiring plaintiff to conduct her brokerage business from the "bull pen", an area of no privacy, no dignity and inadequate resources to do her job were acts of discrimination and retaliation on account of age and sex by defendant JMS.

11. ,Whether plaintiff's assignment to share the smallest office available with another broker with no exterior window in November 1999, when there were four other empty offices available that were larger and had exterior windows, constituted a discriminatory and retaliatory act against plaintiff motivated by her age and her sex.

12. Whether the infliction of severe emotional distress and trauma upon plaintiff leading up to and including her ultimate termination and the filing of the U-5 were acts of discrimination and retaliation based upon her age and her sex.

          THE PLAINTIFF,
          CHERYL COUDERT

          BY_____
            ANDREW B. BOWMAN, ct00122
            1804 Post Road East
            Westport, CT 06880
            (203) 259-0599
            (203) 255-2570 (Fax)
            e-mail: andrew.bowman@snet.net

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was mailed, postage prepaid on this ____ day of December, 2004 to:

John G. Stretton, Esq.
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Blvd.
Stamford, CT 06901

_____
ANDREW B. BOWMAN