UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL COUDERT, | : | |
| Plaintiff, | : | |
| VS. | : | DOCKET NO: 3:03CV0324(MRK) |
| JANNEY MONTGOMERY SCOTT, LLC, | : | |
| Defendant | : | DECEMBER 20, 2004 |

**PLAINTIFF CHERYL COUDERT'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION TO
<u>PRECLUDE EXPERT TESTIMONY</u>**

Plaintiff objects to the defendant's Motion to Preclude Expert Testimony for the following reasons. On October 20, 2003 plaintiff identified Deborah Link, M.D. as an expert witness. Dr. Link is a licensed psychiatrist who will testify to the condition of the plaintiff and the impact of the defendant's discriminatory conduct toward the plaintiff resulting in the emotional distress and harm to plaintiff, see response to paragraph 13 of the defendant's interrogatories (Ex. A). Subsequently, in February 2004 plaintiff provided the February 9, 2004 letter from Dr. Link, a board certified psychiatrist and psychoanalyst (Ex. B).

That letter sets forth in detail the following: that Cheryl Coudert has been her patient since March 1997; a 7 year course of treatment; that during the 7 year period of treatment, there has not been "a single episode of any disfunction related to alcohol"; that there was a high level of working stress endured by Ms. Coudert when she was moved to the Fairfield office of Janney; that the stress increased when she moved to the Fairfield office; that management deliberately and physically avoided having contact with plaintiff; that plaintiff was denied an office; that she was situated at a temporary desk adjacent to the brokers' clerks and sales aides; that she was moved late in the period of employment into a windowless cubby with another broker (Ex. B).

Dr. Link diagnosed plaintiff with anxiety which has been managed with psychotherapy; that plaintiff's identity has been effectively destroyed by the actions of Janney; that lack of support was driven by callousness of Fairfield and Philadelphia management at Janney or by virtue of her position as "an older employee" or from her position as a female (Ex. B, pg 2).

Dr. Link states that plaintiff has been in continuous psychotherapy during "this immensely stressful employment" and that her "dis-employment" continues the psychic toll.  Plaintiff's ongoing therapy has served to stabilize her, to support her in

such a way that she did not decompensate.  She also opines that plaintiff's hospitalization in 1997 was a result not a cause of what Dr. Link describes as a "toxic employment situation in the Darien office of Janney."

### I. Plaintiff Made Timely Disclosure of Dr. Link Both As A Treating Physician And As An Expert And Made Timely Disclosure of Dr. Link's Report.

In October 2003, plaintiff disclosed Deborah Link, M.D., a licensed psychiatrist as both a treating physician and as an expert witness.  See Interrogatory Responses 10, 11 and 13 (Ex. A).  The substance of Dr. Link's treatment of Cheryl Coudert is set forth in her February 9, 2004 report attached hereto.  Defendant chose not to depose Dr. Link.  Plaintiff provided all psychiatric records to the defendant including her previous treatment with Dr. Bruce Shapiro, formerly of Stamford Hospital. There was timely disclosure of everything about which Dr. Link would testify, and defendant chose not to depose her.

### II. Defendant's Argument That Dr. Link Should Not Be Permitted Either As A Treating Physician Or As An Expert Is Without Merit.

Dr. Link has provided a written report which was provided to the defendant in February 2004.  The Advisory Note to Rule 26(a)(2) states:  "The requirement of a written report in paragraph (2)(B)…applies only to those experts who are retained or

3

specially employed to provide testimony in the case or whose duties as an employee of the party regularly the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."; Fed. R. Civ. P. 26 Advisory Committee Notes 2993 Amendment. See also, Riddick vs. Washington Hospital Center, 183 F.R.D. 327 (D.C. 1998); Perkins vs. Origin Med. Systems, Inc., 299 F.Supp.2d 45 (D. Conn. 2004); Kent vs. Katz, 2000 WL 33711516 (D.Vt. 2000). In Perkins, Judge Underhill specifically noted that a treating physician may testify as a fact witness to her conclusions with respect to the cause of plaintiff's pain as well as the care and diagnosis rendered as part of plaintiff's treatment. Perkins, 299 F.Supp. at 55 n.18.

As the treating physician Dr. Link's opinions are developed "naturally and directly out of [her treatment of plaintiff] conducted prior to and independently of the litigation in this case." See, Perkins, 299 F.Supp.2d at 58; Daubert vs. Merrell Dow Pharms., Inc., 43 F.3rd 1311, 1317 (9th Cir. 1995)(noting that "the testimony proffered by an expert is based directly on legitimate preexisting research unrelated to the litigation provides the most persuasive basis for concluding that the opinions he expresses were 'derived by the scientific method'".

Plaintiff's disclosures in October 2003 and February 2004 were timely and complete. With respect to every portion of Dr. Link's report there is absolutely no prohibition against her giving testimony to the underlying facts she learned as the treating physician in her treatment of Cheryl Coudert as well as her diagnosis and the cause of the emotional distress suffered by Cheryl Coudert. This report contains a complete statement of all opinions to be expressed by Dr. Link and the basis for those opinions. Just as Dr. Metzger in <u>Perkins</u> was permitted to testify with respect to general and specific causation, so too should Dr. Link be able to testify with respect to her diagnosis of plaintiff, the cause of plaintiff's emotional distress and anxiety, the basis for her findings and conclusions all of which will be subject to cross-examination at trial.

The defendant elected not to depose Dr. Link. Having failed to take advantage of the opportunity during the period of discovery to depose Dr. Link, defendant's motion to exclude her testimony or preclude her from testifying is disingenuous at best.

For these reasons, defendant's motion to preclude Dr. Link from testifying and to exclude her report should be denied.

        THE PLAINTIFF,
        CHERYL COUDERT


BY_____
  ANDREW B. BOWMAN, ct00122
  1804 Post Road East
  Westport, CT 06880
  (203) 259-0599
  (203) 255-2570 (Fax)
  e-mail: andrew.bowman@snet.net


**CERTIFICATE OF SERVICE**

    This is to certify that a copy of the foregoing was mailed, postage prepaid on this ____ day of December, 2004 to:

John G. Stretton, Esq.
Edwards & Angell, LLC
Three Stamford Plaza
301 Tresser Blvd.
Stamford, CT 06901


_____
ANDREW B. BOWMAN

6