UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHERYL COUDERT, | : |
| Plaintiff, | : |
| v. | : Docket No. 303 CV 0324 (MRK) |
| JANNEY MONTGOMERY SCOTT, LLC, | : |
| Defendant. | : JANUARY 24, 2005 |

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY

Defendant Janney Montgomery Scott LLC ("JMS") hereby replies to Plaintiff's Opposition to Defendant's Motion to Preclude Expert Testimony dated December 20, 2004. As set forth in Defendant's Memorandum in Support of its Motion to Preclude Expert Testimony, the testimony of Plaintiff's proposed expert, Deborah Link, M.D. ("Link"), will constitute expert testimony to the extent that it relates to causation and facts that go beyond matters within her personal knowledge. Link should be precluded from testifying due to Plaintiff's failure to properly disclose Link as an expert and submit a complete expert report pursuant to Federal Rule of Civil Procedure 26(a)(2).

Furthermore, Plaintiff's Opposition did not dispute the argument set forth in Defendant's Motion that Link's testimony must be precluded to the extent that it constitutes legal conclusions. Plaintiff therefore concedes that Link cannot testify as to whether Plaintiff was discriminated against based on age or gender.

A)   **Dr. Link's Letter is Insufficient to Qualify as an Expert Report.**

Plaintiff's Opposition indicates that the February 9, 2004 letter from Dr. Link was intended to serve as an expert report, should Link be deemed an expert. See Plaintiff's Opposition, p.5. Under Federal Rule of Civil Procedure 26(a)(2), an expert report must disclose:

> [A] complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P.26; Toole v. Toshin Co. Ltd., No. 00CV821S, 2004 WL 2202580, *1 n.3 (W.D.N.Y. Sept. 29, 2004); Montefiore Medical Center v. American Protection Ins. Co., 226 F.Sup.2d 470, 473 (S.D.N.Y. 2002). A report that fails to reference specific documents, records, or texts is insufficient under Rule 26. Ordon v. Karpie, 223 F.R.D. 33, 35 (D. Conn. 2004).

The letter produced by Plaintiff in this case is incomplete as an expert report on a number of bases. See Fed.R.Civ.P. 26; Ordon v. Karpie, 223 F.R.D. at 35. Dr. Link's letter omits her qualifications and publications from the preceding ten years, as required by Fed.R.Civ.P. 26(a)(2)(B). See Link's Letter to Bowman, 2/9/04, attached as Exhibit B to Defendant's Memo. Link's letter fails to reveal whether she reviewed data, medical periodicals, treatises, or other publications in forming her opinions and conclusions. Id. It does not indicate what she will be paid as compensation for her testimony, nor does it include a list of other cases in which she has testified as an expert within the preceding four years as required by Rule 26. Id. Finally, the letter does not indicate whether exhibits will be used in support of her opinions. Id.

Link's letter lacks significant elements required by Rule 26, many of which are necessary to assess her qualification as an expert. Failure to disclose the information required by Rule

26(a)(2) will preclude a party from using the witness at trial. Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004) *citing* Fed. R. Civ. P. 37(c)(1); Croom v. Western Connecticut State University, No. Civ. 3:00CV1805(PCD), 2002 WL 32503668, at *2 (D. Conn. Apr. 3, 2002). Link's testimony should be excluded due to Plaintiff's failure to submit a complete report.

B)  **Plaintiff's Expert Report Fails to Provide a Basis for Defendant to Determine Whether to Depose Link.**

To be sufficient, a report must offer a basis upon which a party can prepare to depose an expert, and ultimately prepare a defense. Ordon v. Karpie, 223 F.R.D. 33, 36 (D. Conn. 2004). The purpose of requiring an expert report is to provide the opposing party with the scope of the opinion that the expert will provide, and to allow for an effective cross-examination. Id. The report should enable a party to prepare for depositions by anticipating the approach taken by a party's expert and by understanding the basis of the expert's opinion. See Perkasie Industries Corp., 143 F.R.D. 73, 76 (E.D. Pa. 1992) (noting that advance notice of the substance of an expert's testimony is required to avoid prejudice to the other party.)

Link's February 9th letter also does not provide sufficient information for the court to assess Link's qualifications and methodology, as required by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993). Under Daubert, the court must determine whether a witness qualifies as an expert by knowledge, skill, experience, training, or education. Id. at 588. The trial judge must ensure that any scientific testimony is reliable, and must assess whether the reasoning and methodology underlying an expert's testimony is scientifically valid. Id. at 589, 592-93; Torch Energy Marketing, Inc. v. Pacific Gas & Electric Co., 2003 WL 22703235, at *9 (S.D. Tex. Mar. 31, 2003). An expert report will be used to determine whether the expert is qualified to testify, and it must therefore be detailed and complete to avoid the disclosure of sketchy and vague expert information. See Space Maker

Designs, Inc. v. Weldon F. Stump and Co., Inc., 2003 WL 21805274, at *3 (N.D. Tex. Mar. 13, 2003).

Link's February 9th letter gives little basis on which to assess Link's methodology or qualifications. See Link's Letter to Bowman, 2/9/04, attached as Exhibit B to Defendant's Memo. There is no mention of whether Link reviewed any data, publications, or treatises in arriving at her stated conclusions. Id. The letter offers no basis on which to determine whether to depose Link. Id. The letter is merely an exaggerated retelling of events that Plaintiff relayed to Link. Id.

## CONCLUSION

Because Link's testimony will relate to facts that go beyond matters within her personal knowledge, she is proffered as an expert subject to the requirement of Federal Rule of Civil Procedure 26(a)(2). Link should be precluded from testifying due to Plaintiff's failure to submit a complete expert report and properly disclose Link pursuant to Rule 26(a)(2). Plaintiff has failed to provide a complete expert report that meets the requirements of Rule 26, and cannot excuse her failure to comply with the rule by suggesting that Defendant could have repaired the report's shortcoming by deposing Link. See Plaintiff's Opposition, p.3. Defendant should not be forced to bear the burden of Plaintiff's shortcomings.

Additionally, as Plaintiff's Opposition concedes, Link's testimony must be precluded to the extent that it includes legal conclusions as to whether Plaintiff was discriminated against based on age or gender.

For the foregoing reasons, Deborah Link should be precluded from testifying as an expert at trial.

```
                              DEFENDANT
                              JANNEY MONTGOMERY SCOTT, LLC
                              BY ITS ATTORNEYS,


                              _____
                              Marc L. Zaken (CT 03110)
                              mzaken@edwardsangell.com
                              John G. Stretton (CT 19902)
                              jstretton@edwardsangell.com
                              EDWARDS & ANGELL, LLP
                              Three Stamford Plaza
                              301 Tresser Boulevard
                              Stamford, CT 06901
                              (203) 353-6819
```

## CERTIFICATE OF SERVICE

    This is to certify that a copy of DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO PRECLUDE EXPERT TESTIMONY was mailed via first class mail, postage prepaid to counsel for the Plaintiff, addressed as follows:

Andrew B. Bowman, Esquire
1804 Post Road East
Westport, CT 06880

This 24TH day of January, 2005.

                                                    John G. Stretton