UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL COUDERT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. 303 CV 0324 (MRK) |
| | : | |
| JANNEY MONTGOMERY SCOTT LLC, | : | |
| | : | |
| Defendant. | : | MARCH 30, 2005 |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Janney Montgomery Scott LLC ("JMS") hereby submits this supplemental Memorandum of Law in Support of Defendant's Motion for Summary Judgment in compliance with the Court's February 23, 2005 order issued during oral argument on Defendant's Motion for Summary Judgment[1]. Not only is a hostile work environment claim time barred, it fails as a matter of law given Plaintiff's failure to demonstrate that JMS's actions were improperly motivated by her sex as well as her failure to present evidence of conduct that could be considered severe and pervasive. Summary judgment should enter in favor of JMS.

**I.    A HOSTILE WORK ENVIRONMENT CLAIMED IS TIME BARRED.**

September 7, 2001 is the three hundredth day preceding July 3, 2002, the date Plaintiff filed her written charge of discrimination with the EEOC. Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant Motion for Summary Judgment at 1. During oral argument, Plaintiff acknowledged that her termination was the only event that occurred within 300 days of the date Plaintiff filed her charge with the EEOC. See also Counter Affidavit of Plaintiff, ¶¶ 30, 31 (wherein Plaintiff fails to attribute any wrongful conduct to JMS in 2001);

---

[1] The hostile work environment claim appears to be based on paragraph 18 of Count Two wherein Plaintiff alleges that "the acts of discrimination and retaliation against plaintiff [were] on account of her gender and did create and maintain a hostile work environment for plaintiff because of her gender . . . ."

1

Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 6-12 (wherein Plaintiff similarly fails to attribute any wrongful conduct to JMS in 2001).

In assessing the timeliness of a hostile work environment claim, the United States Supreme Court has instructed that a hostile work environment claim requires at least one act within the statutory period in order for the claim to be deemed timely. Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir. 2004) citing Amtrak v. Morgan, 536 U.S. 101, 117 (2002). "[T]he mere fact that an employee was dismissed within the statutory period[, however,] cannot be used 'to pull in [a] time-barred discriminatory act, for continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.'" Id. citing Amtrak v. Morgan, 536 U.S. at 112-113; see also Lloyd v. Bear Stearns & Co. Inc., 2004 U.S. Dist. LEXIS 25914 at *26-27 (S.D.N.Y. 2004); Smith v. UAW-GM Legal Services Plan, 48 Fed. Appx. 338, 339-340 (2d Cir. 2002); Kodengada v. Int'l Bus. Mach. Corp., 88 F.Supp.2d 236, 241 (S.D.N.Y. 2000). To be timely, there must be evidence, other than the fact that Plaintiff was terminated, that the alleged hostile work environment continued into the statutory period.

In Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004), the plaintiff identified racially motivated comments and actions occurring between October 1998 and mid-January 1999 in support of his hostile work environment claim. Id. at 212. He was terminated on February 9, 1999 and filed a complaint with the EEOC on December 2, 1999. Id. Rejecting as untimely his hostile work environment claim, the court held that the plaintiff could not use his termination, the only incident to fall within the 300-day time period, to render timely his otherwise untimely hostile work environment claim. Id. at 220 quoting Amtrack v. Morgan, 536 U.S. at 112-113 ("continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination").

Similar to the plaintiff in Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004), Plaintiff has not presented any evidence of an on-going discriminatory practice or policy that continued into the statutory period. She has also failed to present any evidence that her termination was in furtherance of a practice or policy of sexual harassment. See Counter Affidavit of Plaintiff, ¶¶ 30 - 32 (wherein Plaintiff fails to attribute any wrongful conduct to JMS in 2001). In fact, during oral argument, Plaintiff stated that her claim of discrimination regarding her time in the Fairfield office, which began in March of 1997, is more of a claim of age discrimination than sex discrimination. See also Counter Affidavit of Plaintiff, ¶¶ 15, 31 (claiming it was her perception that she was viewed as an "over-the-hill, washed-up, has-been broker" during her time in the Fairfield office; no examples of sex discrimination concerning the Fairfield office are identified in Plaintiff's Affidavit). Any claim by Plaintiff that she was subjected to a sexually discriminatory hostile work environment while employed by JMS is long time barred.

## II.    A HOSTILE WORK ENVIRONMENT CLAIM FAILS AS A MATTER OF LAW

To establish a hostile work environment claim based on sex, Plaintiff must present evidence sufficient to demonstrate: (1) that the workforce was permeated with discriminatory intimidation sufficiently severe and pervasive so as to alter the terms and conditions of her employment; (2) that the conduct that created the hostile work environment was because of Plaintiff's sex; and (3) that there exists a specific basis for imputing the conduct that created the hostile work environment to the employer. Alfano v. Costello, 294 F.3d 365, 373-374 (2d Cir. 2002); Lyon v. Jones, 260 F.Supp.2d 507, 512 (D.Conn. 2003); Labonia v. Doran Associates, LLC, 2004 U.S. Dist. LEXIS 17025 at *17-18 (D.Conn. 2004); Cooper v. Morgenthau, 2001

U.S. Dist. LEXIS 10904 at *12 (S.D.N.Y. 2001). Plaintiff cannot satisfy her burden of demonstrating an actionable hostile work environment based on sex.

### A. PLAINTIFF HAS NOT ESTABLISHED THE EXISTENCE OF A HOSTILE WORK ENVIRONMENT

A Title VII claim based on a hostile work environment[2] requires "evidence showing that 'the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Braheney v. Town of Wallingford, 2004 U.S. Dist. LEXIS 5515 at *12 (D.Conn. 2004); Lyon v. Jones, 260 F.Supp.2d at 512 quoting Alfano v. Costello, 294 F.3d at 373 ("... to be actionable, the harassing conduct must have been 'so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered'"). "In determining whether an environment is 'hostile,' district courts consider the totality of the circumstances in each case, including (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; (4) and whether the conduct unreasonably interferes with an employer's work performance." Braheney v. Town of Wallingford, 2004 U.S. Dist. LEXIS 5515 at *13; see also Alfano v. Costello, 294 F.3d at 379; Burford v. McDonald's Corp., 321 F. Supp. 2d at 362.

Plaintiff's hostile work environment claim is unavailing because it relies on isolated, episodic non-physically threatening incidents untied to any comment or action evidencing, either directly or indirectly, an improper motivation based on Plaintiff's sex. See Burford v.

---

[2] "The Supreme Court has ruled that a work environment must be both subjectively and objectively hostile and abusive in order to establish a hostile work environment claim." Burford v. McDonald's Corp., 321 F. Supp. 2d 358, 362 (D.Conn. 2004) citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993). For the purposes of this Motion only, JMS will not contest whether or not Plaintiff can satisfy the subjective element of a hostile work environment claim.

McDonald's Corp., 321 F. Supp. 2d at 363-364; Young v. Rogers & Wells, 2002 U.S. Dist. LEXIS 21541 (S.D.N.Y. 2002); Alfano v. Costello, 294 F.3d at 379-380. Plaintiff's complaints, whether involving the periodic directives Plaintiff received from her Darien supervisor that she arrive on time, cease completing crossword puzzles and conduct a certain amount of business each day or involving the complaints stemming from the Fairfield office where she complained that she was denied resources, such as an office and a sales aide, and was subjected to a reduced commission payout policy, are the types of complaints that "that Title VII's 'severe and pervasive' requirement is designed to filter out." Lyon v. Jones, 260 F.Supp.2d at 512 (granting summary judgment in favor of the employer where the plaintiff identified four isolated incidents over a period of several years which the court described as incidents addressing only "the ordinary tribulations of the workplace," such as where the employee complained that her supervisor treated her like an "idiot"); see also Braheney v. Town of Wallingford, 2004 U.S. Dist. LEXIS 5515 at *15 (D.Conn. 2004) (rejecting as insufficient a claim by the plaintiff that she was singled out by her supervisor, received disproportionate discipline in comparison to her male counterparts and was suspended four times between November 1996 and September 1999); Wilson v. Grand Central Partnership, Inc., 2004 U.S. Dist. LEXIS 11051 at *34 (S.D.N.Y. 2004) (rejecting a hostile work environment claim premised on allegations that included claims by plaintiff that he was unjustly denied two pay raises and unjustly issued disciplinary memorandums); Murray-Dahnir v. Loews Corp., 1999 U.S. Dist. LEXIS 12973 at *11 (rejecting as a matter of law a hostile work environment claim where the plaintiff alleged he was, unlike non African-American managers, "compelled to work extraordinary hours without proper staffing and support," received a memo from his supervisor containing "illegitimate and pretextual criticism," and was subjected to a supervisor that ceased direct communications with

the plaintiff and admonished him "publicly and unjustifiably" on "numerous occasions"). Further, these isolated performance related incidents, which span the course of more than seven years and involve multiple supervisors, fail to satisfy the requirement that the conduct relied upon be sufficiently continuous and related, both of which are necessary components of a hostile work environment claim. Alfano v. Costello, 294 F.3d at 374 (internal citations omitted) ("incidents must be more than 'episodic'; they must be sufficiently continuous and concerted in order to be deemed pervasive"); see also Payne v. MTA New York City Transit, 349 F. Supp. 2d 619, 625 (E.D.N.Y. 2004) (finding the conduct complained of neither severe nor pervasive where the conduct described occurred intermittently over a period of years and involved different managers); Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir. 2001). Plaintiff's failure to demonstrate that the environment she was allegedly subjected to was so permeated with discriminatory intimidation, ridicule, and insult, sufficiently severe or pervasive as to alter the conditions of her employment necessitates that summary judgment enter in favor of JMS.

### B. THERE EXISTS NO EVIDENCE THAT THE ACTIONS ATTRIBUTED TO JMS WERE UNDERTAKEN BECAUSE OF PLAINTIFF'S SEX

"It is axiomatic that mistreatment at work, whether through subjection to a hostile work environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic." Labonia v. Doran Associates, LLC, 2004 U.S. Dist. LEXIS 17025 at *22 quoting Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001). "'Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at *discriminat[ion]* . . . because of . . . sex'" Id. at 24 quoting Oncale v. Sundower Offshore Servs., Inc., 523 U.S. 75, 80 (1998). "It is therefore important in hostile work environment cases to exclude from consideration personnel

decisions that lack a linkage or correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals." Id. citing Alfano v. Costello, 294 F.3d at 378.

Plaintiff has not presented one scintilla of evidence that would allow a reasonable juror to conclude that the actions attributable to JMS were undertaken because of Plaintiff's sex. See Defendant's Memorandum of Law in Support of Motion for Summary Judgment at 13-22; Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 5-7. Plaintiff cannot merely complain that she felt as though she was treated unfairly and then expect the court to conclude that the treatment be related to her sex. Grillo v. New York City Transit, 291 F.3d 231, 235 (2d Cir. 2002). "Difficult or stressful working conditions are not tantamount to a 'hostile' work environment caused by acts of discrimination." Murphy v. Board of Education, 273 F. Supp. 2d 292, 312 (W.D.N.Y. 2003); see also Murray-Dahnir v. Loews Corp., 1999 U.S. Dist. LEXIS 12973 (S.D.N.Y. 1999) (rejecting a hostile work environment claim where plaintiff claimed he was forced to work longer hours without adequate support staff and that his supervisor "ceased direct communications" and reprimanded plaintiff "publicly and unjustifiably" on numerous occasions). There must be some evidence that Plaintiff was treated differently from similarly situated employees on account of her sex or evidence of statements attributable to JMS that would allow one to conclude that JMS's actions were improperly motivated by Plaintiff's sex. Lyon v. Jones, 260 F.Supp.2d at 512-513. Plaintiff has not presented any such evidence. Plaintiff's hostile work environment claim in nothing more than a list of alleged mistreatments for which she fails to identify any causal connection to discrimination based on her sex. Plaintiff's hostile work environment claim is without merit.

### III. CONCLUSION

The decision to terminate Plaintiff was not motivated by either Plaintiff's age or her sex, but was based strictly on her poor performance. Plaintiff does not dispute that she was a poor performer and does not offer anything more than unsubstantiated speculation in support of her discrimination claims. Summary judgment should enter in favor of Defendant Janney Montgomery Scott LLC on all counts of Plaintiff's Complaint.

RESPECTFULLY SUBMITTED

DEFENDANT
JANNEY MONTGOMERY SCOTT LLC
BY ITS ATTORNEYS,

_____
Marc L. Zaken (CT 03110)
mzaken@edwardsangell.com
John G. Stretton (CT 19902)
jstretton@edwardsangell.com
EDWARDS & ANGELL, LLP
301 Tresser Boulevard
Stamford, CT 06901
(203) 353-6819

8

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was mailed via first class mail, postage prepaid to counsel for the Plaintiff, addressed as follows:

    Andrew B. Bowman, Esquire
    1804 Post Road East
    Westport, CT 06880

this 30th day of March, 2005.

                                                          John G. Stretton