**MANDATE**

*DC/New Haven*
*03 CV-324*
*Hon. Garfinkel*
*Hon. Kravitz*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 3rd day of March, two thousand and six.

PRESENT:

    HON. AMALYA L. KEARSE,
    HON. ROBERT D. SACK,

        Circuit Judges,

    HON. TIMOTHY C. STANCEU,*

        Judge.

------------------------------------------------

CHERYL COUDERT,

    Plaintiff-Appellant,

    - v -                                             No. 05-4200

JANNEY MONTGOMERY SCOTT, LLC.,

    Defendant-Appellee.

------------------------------------------------

Appearing for Appellant:    ANDREW B. BOWMAN, Westport, CT.

---

    * The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

ISSUED AS MANDATE: MAR 2 4 2006

Appearing for Appellee:          JOHN G. STRETTON, Palmer & Dodge,
                                 LLP, (Marc L. Zaken, Edwards
                                 Angell, of counsel), Stamford, CT.

Appeal from the United States District Court for the District of Connecticut (Mark R. Kravitz, Judge).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

Cheryl Coudert appeals from a decision and order of the district court granting summary judgment pursuant to Federal Rule of Civil Procedure 56 in favor of Janney Mongtomery Scott, L.L.C. ("JMS"). The court dismissed Coudert's claims under Title VII, 42 U.S.C. § 2000e et seq., and under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., finding almost all of the incidents of discrimination alleged by Coudert to be time-barred because Coudert had not filed a complaint with the Equal Employment Opportunity Commission within 300 days of the dates of those incidents as required by 42 U.S.C. § 2000e-5(e) and 29 U.S.C. § 626(d)(2). With respect to the non-time-barred incidents, the court found that Coudert had failed to adduce evidence from which a reasonable juror could conclude that those employment actions were taken because of her sex or age. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

We review a district court's decision to grant a summary judgment motion de novo. In so doing, we "view the facts in the light most favorable" to the party against whom summary judgment is sought, Island Software & Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 260 (2d Cir. 2005), and we "draw all reasonable inferences in [that party's] favor." Id. Summary judgment may not be granted unless there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On appeal, Coudert does not dispute the district court's conclusion that the earlier alleged incidents are in and of themselves not actionable because time-barred. Instead, she argues that the district court should have considered the non-time-barred incidents as "background evidence" of the later discriminatory treatment she suffered. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Even if such earlier incidents were considered for that purpose, however, Coudert's claims would fail. The only incident

2

that could even arguably be construed as somehow relevant to Coudert's age or sex was one comment, allegedly made to her by her manager, that Coudert was "the worst victim type in the office." But this statement does not directly refer to either her age or sex. Nor is Coudert's attempt to link the earlier conduct at the Darien office to the later conduct at the Fairfield office, on the ground that decisions at both offices were made at the main office in Philadelphia, supported by the evidence. The only evidence Coudert offers of such alleged coordination is a memorandum faxed to her from JMS's Philadelphia office of JMS in November 1999. This memorandum, which assigned Coudert to a shared office, is not evidence of discriminatory motivation.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

By: *Lucille Carr*